THOMPSON, Judge.
The Department of Corrections (DOC) appeals a final administrative order declaring that Baker Correctional Institution’s (BCI) Institutional Operating Procedure (IOP) 78-G-7 was invalid. We reverse.
The appellees, inmates at BCI, filed a petition to determine the invalidity of a rule and alleged, inter alia, that BCI’s IOP 78-G-7 was an unpromulgated and therefore invalid rule. The IOP provides in pertinent part as follows:
Visiting or regular visitors will be either Saturday or Sunday, but not both days....
The hearing officer agreed and found that IOP 78-G-7 was an unpromulgated rule. He further found that another institution’s one day visitation rule (either Saturday or Sunday but not both) had been previously held invalid because it was not duly promulgated, and that the DOC had not adopted any rule limiting visitation to one day only. In his conclusions of law the hearing officer rejected the DOC’s contention that IOP 78-G-7 was simply a restatement of an existing rule and instead found that it was identical to a one day visitation policy which had been condemned in Sumner, et al. v. Department of Corrections, 678 F.2d 202, 230 Ct.Cl. 555 (1982).
The hearing officer’s conclusion overlooks the fact that the present version of Rule 33-5.08, FAC, was not in effect at the time of the decision in Sumner and that there was no basis in the then existing DOC rules for the adoption of a one day visitation limitation by institutions. Prior to the entry of the final order here on appeal Rule 33-5.08 was amended and now provides in part:
(2) Regular visiting hours shall normally be 9:00 a.m. to 3:00 p.m. on Saturday or Sunday, as determined by each institution. When facilities and staff resources permit, both days may be designated as visiting days. Where visiting facilities are severely limited the Assistant Secretary for Operations may authorize the Superintendent to restrict visiting to one day per week or one day every other week, (emphasis supplied)
This rule, duly promulgated by the DOC, clearly gives each institution the right to determine whether visitation shall be on Saturday or Sunday or when facilities and staff resources permit on both days. IOP 78-G-7 is merely a restatement of a duly promulgated existing rule with a permissible exercise of discretion by the institution.
REVERSED.
WENTWORTH and WIGGINTON, JJ., concur.